[Civ. No. 3978. Fourth Dist. July 25, 1950.]

ADELAIDE GILLIS McCORMICK et al., Respondents, v. ROBERT McNALLY et al., Appellants.

Byron F. Lindsley for Appellants.

McInnis & Hamilton and John W. McInnis for Respondents.

BARNARD, P. J.—This action involves a claimed easement for road purposes. The plaintiffs own 350 acres of mountainous land and the defendants own 80 acres adjoining it on the west. For many years the defendants have had, and still have, access from their property to the public road over a route other than that here claimed.

A quarrel occurred between Mr. McNally and the then owner of plaintiffs' land in 1934. McNally then built a wire fence on his side of the common line, and the other built a parallel fence on his side. There were no gates in these fences and, so far as known to the other side, the McNallys neither crossed this line nor claimed any right to do so until this controversy arose in 1949. The space along and between these fences became overgrown with trees and brush.

In 1949, McNally suggested to the plaintiffs, who had acquired their property in 1941, that it would be desirable to clear away this brush and rebuild a line fence. It was agreed that the McNallys would do this work and that the plaintiffs would share in the expense. After the work was done, the defendants claimed a right to pass across the way thus cleared, and thence over the plaintiffs' property to the public road.

The plaintiffs brought this action to restrain such a trespass, and to quiet their title as against any such easement or claim. The defendants cross-complained, claiming a prescriptive right to an easement for such road purposes. The court, after viewing the premises, found in all respects in favor of the plaintiffs. The defendants have appealed from the judgment, contending that the evidence is insufficient to sustain the findings which are adverse to their claim of prescriptive right, or the further finding that any easement or right of way which ever existed has long since been extinguished by nonuse for more than five years.

There is evidence that an old road existed many years ago which ran across the middle of plaintiffs' property from north to south, and thence across the property to the north to the public road; that the greater part of this road was obliterated by floods in 1916 and 1927; that in 1933 the owner of the property to the north built a wire fence, without gates, along his south line and across this old road; that the then owner of plaintiffs' land, being thus prevented from using that

way to reach the public road, constructed a new road of his own a quarter of a mile east of the old road, which he and the plaintiffs have since used; that he installed a gate where this new road entered his land which has been kept locked ever since except when the owner was there; that in 1935, Mr. McNally, who was then leasing the land south of plaintiffs' land, fastened a gate across the old road where it crossed the line, forbidding the owner of plaintiffs' land to pass and claiming that a road no longer existed; and that the portion of the old road on plaintiffs' land had not been used for nearly 20 years.

There is some evidence that years ago a branch road ran west from this old road, near the north line of plaintiffs' property, and that these two roads were formerly used by defendants' predecessor to reach the public road. The defendants' claim of easement is largely based upon the contention that a prescriptive right over that branch roadway accrued many years ago, which has not been lost. The defendants testified that many times since 1931 they had driven a car across this part of plaintiffs' property to a point near the boundary line, and had then walked through the brush to their own land. Also, that at times they had ridden a horse over this route.

It conclusively appears that the portion of the old north and south road which crossed plaintiffs' property was largely obliterated, was effectively cut off at both ends by the acts of others, and was not used by anyone for many years. This destroyed any prior existing access from defendants' land to the public road. It also destroyed any practical use of the remaining ''branch road,'' which then led nowhere, and any use at all was effectively destroyed about the same time by the erection of the two fences across it at the boundary line. The evidence is uncontradicted that these fences remained intact, at the point where they crossed this branch road, from 1934 to 1949.

There is ample evidence that any easement which formerly existed was abandoned and lost by nonuse. There is no evidence that any recent use of the ''branch road'' was under claim of right or that such use, or even the former existence of such a road, was known to the plaintiffs. Any evidence of such recent use is unsatisfactory and indefinite. Having entered plaintiffs' property at some undisclosed place, these witnesses said they proceeded to the line and crossed through

the brush, without describing their route. No claim of right was made until the fences and brush were removed. The evidence, including reasonable inferences from defendants' own testimony, supports the findings made.

The judgment is affirmed.

Mussell, J., concurred.